UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | : | **CASE NO. 1:11-CV-2127** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| | : | |
| CARBON SPYDER; JOHN L. MITCHELL; | : | |
| MARK ZINNAMOSCA & ASSOCIATES; | : | |
| MARK ZINNAMOSCA, CPA; | : | |
| M&T BANK CORPORATION; | : | |
| UNIVERSITY OF MARYLAND- | : | |
| UNIVERSITY COLLEGE; GATES, | : | |
| HALBRUNER, HATCH & GUISE, PC; | : | |
| LOWELL R. GATES, ESQ.; RONALD | : | |
| WELSH; PAUL L. DUKEHART; ADKINS | : | |
| COMMUNICATION TECHNOLOGY, INC.; | : | |
| and GEORGE ADKINS, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff, John F. Curran, III, has filed a civil action titled **COMPLAINTS** in which he sets forth eight separate civil action complaints against eight separate defendants and groups of defendants.  In the first complaint, the plaintiff states contract claims and slander and libel claims against Carbon Spyder and John Lee Mitchell.  This complaint sets forth that the plaintiff is a Maryland resident

and that the defendants are a California corporation and a California resident.  The claims involve dealings between Gargoyles, Inc., a non-party company, and Carbon Spyder.

The second complaint is brought against defendants Mark Zinnamosca and the entity Zinnamosca & Associates.  The causes of action are fraud, malpractice, breach of fiduciary responsibility, slander and libel.  The factual allegation is that "Zinnamosca provided testimony to the State of Maryland's Attorney General" that "was patently untrue", that Zinnamosca as the Chief Financial Officer for Gargoyles, Inc. performed his duties incorrectly causing the plaintiff to lose the value of his ownership position in Gargoyles, Inc., and that Zinnamosca made false statements with the intent to hide his errors and omissions in performing his Chief Financial Officer duties resulting in harm to the plaintiff.

The third complaint is brought against M&T Bank Corporation, a New York corporation.  The plaintiff's cause of action against this defendant is contractual, a claim that the bank released information about the plaintiff's account to a

third party in violation of the plaintiff's account deposit agreement with the defendant bank.

The plaintiff's fourth complaint is against the University of Maryland, alleging fraud, breach of contract, slander and libel on the basis that a University employee made statements to an unidentified person that the plaintiff did not receive a diploma from the University.  It is alleged that the plaintiff did receive his diploma.

The plaintiff's fifth complaint is brought against a Pennsylvania law firm, Gates, Halbruner, Hatch & Guise, PC, and a Pennsylvania attorney, Lowell R. Gates.  The claims are coercion, malpractice, slander and libel.  It is alleged that the defendants made a demand to the plaintiff on behalf of a client of the defendants and that the demand was not justified.

In the sixth complaint, the plaintiff states a claim against Ronald Welsh for breach of contract, fraud, slander and libel.  It is alleged that defendant Welsh, an Arizona resident, breached an agreement with the plaintiff involving

3

shotgun parts, that Welsh lacked authority to enter the agreement and that Welsh has made false statements about the plaintiff.

The seventh complaint is brought against Paul L. Dukehart. The claim is a claim of libel. Dukehart is a Pennsylvania resident. Dukehart, it is alleged, made false statements about the plaintiff on the internet that were intended to and that did damage the plaintiff financially.

The eighth complaint is brought against Adkins Communications Technology, LLC and George Adkins. The defendants reside in Maryland. The company is a Maryland corporation. The claims are claims of breach of contract, fraud, slander and libel. It is alleged that a non-party, Gargoyles, Inc., paid for services of the defendants that were not provided. It is alleged that the defendant George Adkins has made false statements about the plaintiff.

The complaints do not set forth any statement of the jurisdiction of the court, as required under Rule 8(a) of the

Federal Rules of Civil Procedure. There is no claim pleaded under federal law; accordingly, the court does not have federal question jurisdiction under 28 U.S.C. § 1331.

The plaintiff appears to intend to have the complaints adjudicated in federal court based upon the diversity jurisdiction of the court under 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> > (1) citizens of different States;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

It is a requisite condition of the court's exercise of diversity jurisdiction that there be complete diversity of citizenship.

> Our jurisdiction to hear cases in diversity arises under 28 U.S.C. § 1332(a), which provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States." Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). The key inquiry in establishing diversity is thus the "citizenship" of each party to the action.

*Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010).

The plaintiff is a Maryland citizen.  Defendants Mark Zinnamosca, Zinnamosca & Associates, University of Maryland-University College, George Adkins and Adkins Communication Technology, LLC are each identified in the complaint as citizens of Maryland.  There is not complete diversity of citizenship.

The plaintiff has not made service of process upon any of the defendants in the manner required by Rule 4 of the Federal Rules of Civil Procedure.  There is no proof of service as to any defendant.  *See* Rule 4(l).  All defendants were apparently provided copies of the **COMPLAINTS** by mail.  Rule 4 provides that a defendant may waive service, but no defendant here has waived service.  Rule 4 does not provide for service by mail.

The court does not have subject matter jurisdiction. It is accordingly recommended that the complaints be dismissed, that all pending motions (Docs. 3, 5, 8, 22 and 29) to dismiss the complaints be granted on the basis that the court does not have subject matter jurisdiction, that the plaintiff's motions for default judgment (Docs. 13, 15, 26, 32 and 35) be denied on the basis that the court does not have subject matter jurisdiction, and that the complaints be dismissed as to all defendants because there is no subject matter jurisdiction and

because no defendant has been served as required under the Rules and because no defendant has waived service.

											***/s/ J. Andrew Smyser***
											J. Andrew Smyser
											Magistrate Judge

Dated:  January 25, 2012.