## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | : | |
|     Plaintiff | : | |
| | : | No. 1:11-cv-2127 |
| v. | : | |
| | : | |
| CARBON SPYDER; JOHN L. | : | (Chief Judge Kane) |
| MITCHELL; MARK ZINNAMOSCA | : | |
| & ASSOCIATES; MARK | : | |
| ZINNAMOSCA, CPA; M&T BANK | : | (Magistrate Judge Smyser) |
| CORPORATION; UNIVERSITY OF | : | |
| MARYLAND – UNIVERSITY | : | |
| COLLEGE; GATES, HALBRUNER, | : | |
| HATCH & GUISE, PC; LOWELL R. | : | |
| GATES, ESQ.; RONALD WELSH; | : | |
| PAUL L. DUKEHART; ADKINS | : | |
| COMMUNICATION TECHNOLOGY, | : | |
| INC.; and GEORGE ADKINS, | : | |
|     Defendants | : | |

## ORDER

Before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation, in which he recommends that the Court grant all pending motions to dismiss (Doc. Nos. 3, 5, 8, 22, 29), deny Plaintiff's pending motions for default judgment (Doc. Nos. 13, 15, 26, 32, 35), and dismiss Plaintiff's complaint (Doc. No. 1) for lack of subject matter jurisdiction and because the Defendants had not been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (Doc. No. 38.)  For the reasons that follow, the Court will adopt the Report and Recommendation in part.  Because the Court will dismiss the complaint for lack of subject matter jurisdiction, the Court will not reach the issue of whether Plaintiff properly served the Defendants.

Plaintiff John F. Curran, III, initiated this action by filing a pro se complaint against

twelve defendants. (Doc. No. 1.) Plaintiff's complaint sets forth eight separate civil actions against separate groups of defendants. The allegations of those complaints are discussed more thoroughly in Magistrate Judge Smyser's well-reasoned Report and Recommendation. (Doc. No. 38.) The Court need not discuss the allegations of the complaint beyond noting that, while Plaintiff did not set forth a statement of jurisdiction, it is clear that he pleaded no claim under federal law. Thus, as Magistrate Judge Smyser noted, it appears that Plaintiff intends to adjudicate his various state-law claims in federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). For a civil action to meet the requirements of Section 1332, complete diversity is required, meaning that no plaintiff can be a citizen of the same state as any defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375 (1978)).

     Here, Plaintiff is a citizen of Maryland (Doc. No. 1 at 2), and Defendants Mark Zinnamosca, Zinnamosca & Associates, University of Maryland – University College, George Adkins, and Adkins Communication Technology, LLC are all citizens of Maryland (id. at 5, 9, 15). Magistrate Judge Smyser recommended that the case be dismissed because the Court lacks jurisdiction. (Doc. No. 38.) Plaintiff filed a set of objections to the Report and Recommendation. (Doc. No. 44.) In his objections, Plaintiff asserts that his case consists of eight separate lawsuits. (Doc. No. 44 at 1-2.) As to the Defendants that would destroy diversity, Plaintiff argues that the cases against those Defendants are so related to the cases in which

diversity exists that they "form part of the same case or controversy," and thus the Court should exercise its supplemental jurisdiction. (Doc. No. 44 at 3, 6, 9 (citing 28 U.S.C. § 1367(a)).) This objection lacks merit, however, because the supplemental jurisdiction statute does not alter the complete diversity requirement. See Exxon Mobil, 545 U.S. at 553-54 ("In order for a federal court to invoke supplemental jurisdiction . . . , it must first have original jurisdiction over at least one claim in the action. Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere."). Because Plaintiff is a citizen of Maryland, and some Defendants are citizens of Maryland, complete diversity does not exist, and the Court can not exercise diversity jurisdiction over this action. Thus, the Court will adopt the portion of the Report and Recommendation dealing with subject matter jurisdiction.

The Report and Recommendation also recommends that this action be dismissed based on improper service of process; however, because the Court lacks subject matter jurisdiction, the Court will not address the issue of whether Plaintiff has made service of process on the Defendants in the manner required by Rule 4.

**ACCORDINGLY**, on this 29th day of March 2012, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (Doc. No. 38) is **ADOPTED** consistent with the reasoning set forth above;

2. Defendants' motions to dismiss (Doc. Nos. 3, 5, 8, 22, 29) are **GRANTED** consistent with reasoning set forth above;

3. Plaintiff's motions for default judgment (Doc. Nos. 13, 15, 26, 32, 35) are **DENIED** on the basis that the Court does not have subject matter jurisdiction;

4. Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff is granted leave to file an amended complaint curing jurisdictional defects within twenty days of the date of this order; and

6. Any further proceedings in this case are referred to Magistrate Judge Smyser.

        s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania