```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN F. CURRAN, III,           :   CASE NO. 1:11-CV-2127
                               :
        Plaintiff              :   (Chief Judge Kane)
                               :
     v.                        :   (Magistrate Judge Smyser)
                               :
                               :
CARBON SPYDER, JOHN L. MITCHELL,:
and RONALD WELSH,              :
                               :
        Defendants             :
```

## REPORT AND RECOMMENDATION

On March 29, 2012, Chief Judge Kane dismissed the complaint without prejudice for lack of subject-matter jurisdiction. She granted the plaintiff leave to file an amended complaint curing the jurisdictional defect within twenty days.

On April 20, 2012, the plaintiff submitted to the court three separate documents titled as "Amended Complaints." Only one of those documents has that docket number of this case in its caption. Along with the documents, the plaintiff submitted a cover letter which provides in part: "At the direction of the

court I have broken out Defendants from this original case into 2 separate matters that I would request docket numbers to be assigned.  I would also request summons be prepared and returned to me for the Defendants in the other, now separated matters."

Upon inquiry from the Clerk of Court's office about how to docket the documents submitted by the plaintiff, we directed the Clerk to docket the document with the case number of this case in its caption as the amended complaint in this case.  We directed the Clerk to docket that other two documents as complaints in two new and separate cases.  This is what the Clerk did.[1]

The amended complaint in this case is broken into two separate sections.  The first contains breach of contract, slander, and libel claims against defendants CarbonSpider and

---

1.  The two new cases are *Curran v. M&T Bank Corp.,* 1:12-CV-00749 (M.D.Pa.) and *Curran v. Mark Zinnamosca & Assoc.,* 1:12-CV-00750 (M.D.Pa.).

John Mitchell.  The second contains breach of contract, fraud, slander, and libel claims against defendant Ronald Welsh.

The plaintiff alleges that the court has federal question jurisdiction.  But because claims for breach of contract, fraud, slander, and libel do not arise under the Constitution, laws, or treaties of the United States, the court does not have federal question jurisdiction.

The plaintiff also alleges that the court has diversity jurisdiction.  He alleges that he is a citizen of Maryland, that defendants CarbonSpider and Mitchell are citizens of California, and that defendant Welsh is a citizen of Arizona.  He has thus alleged complete diversity.  As to his claims against defendants CarbonSpider and Mitchell he is seeking $86,612.84 in damages.  And so he also satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332 as to those claims.  As to his claims against defendant Welsh, however, he is seeking only $16,000.00 in damages.  Thus, he does not meet the amount-in-controversy requirement as to those claims.  Thus,

the court does not have diversity jurisdiction over those claims against defendant Welsh.

Because the court has original jurisdiction over the claims against defendants CarbonSpider and Mitchell but not over the claims against defendant Welsh, the question becomes whether the court has supplemental jurisdiction over the claims against defendant Welsh.

28 U.S.C. § 1367(a) provides, with limited exceptions, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(a) explicitly provides that "[s]uch supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties."

4

The court has supplemental jurisdiction over the claims against defendant Welsh if those claims are part of the same case or controversy as the claims against defendants CarbonSpider and Mitchell.

"Claims are part of the same case or controversy if they share significant factual elements." *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996). In other words, "[c]laims are part of the same constitutional case if they 'derive from a common nucleus of operative fact,' and 'are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding....'" *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991)(quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).

The plaintiff's claims against defendants CarbonSpider and Mitchell are based on a contract (later assigned to the plaintiff) between Gargoyles, Inc. and CarbonSpider for the production of aviation repair inspection products, the use of production space to perform the work under the contract, a monetary advance to defendant Mitchell, and statements by

5

defendant Mitchell which the plaintiff asserts slandered him. The plaintiff's claims against defendant Welsh are based on a license agreement (later assigned to the plaintiff) between Gargoyles, Inc. and Welsh for the licensing of products and accessories commonly used on shotguns and statements made by defendant Welsh which the plaintiff asserts slandered him.  The only allegation in the amended complaint regarding any connection between the claims against defendants CarbonSpider and Mitchell and the claims against defendant Welsh is the allegation that the defendants were/are in business together and that the license agreement benefitted all of the defendants.  That allegation is not sufficient to raise a reasonable inference that the claims against defendant Welsh share significant factual elements with the claims against defendants CarbonSpider and Mitchell such that they are part of the same case or controversy as the claims against defendants CarbonSpider and Mitchell.  Accordingly, the court does not have supplemental jurisdiction over the claims against defendant Welsh.

Based on the foregoing, it is recommended that the court dismiss the claims in the amended complaint against defendant Welsh for lack of subject-matter jurisdiction.  It is further recommended that the court remand the case to the undersigned for further proceedings.

***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge

Dated:  April 25, 2012.