# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | : | CIVIL NO. 1:11-CV-02127 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| CARBON SPYDER, LLC, and | : | |
| JOHN L. MITCHELL, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on two motions.  The first motion is the plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2).  The second motion is the defendants' motion to strike plaintiff's request for entry of default and motion for default judgment pursuant to Rule 12(f)(2).  For the reasons that follow, we recommend denying both motions.

## I. Background.

On November 14, 2011, the plaintiff, John F. Curran, III ("Curran"), filed a complaint naming the following defendants: (1) John L. Mitchell; (2) Carbon Spyder; (3) Mark Zinnamosca; (4) Zinnamosca & Associates; (5) M&T Bank Corporation; (6) University of Maryland-University College; (7) Gates, Halbruner, Hatch & Guise, PC; (8) Lowell R. Gates; (9) Ronald Welsh; (10) Paul L. Dukehart;

(11) Adkins Communication Technology, Inc.; and (12) George Adkins.  *Doc. 1*.

Magistrate Judge Smyser, who is now retired, recommended that the complaint be

dismissed as to all defendants on the basis that there was no subject-matter

jurisdiction and that no defendant had been served as required by the Rules.  *Doc.*

*38*.  Judge Kane adopted the portion of Magistrate Judge Smyser's Report and

Recommendation dealing with subject-matter jurisdiction.  *Doc. 46*.  Because

Judge Kane found that the Court lacked subject-matter jurisdiction, she did not

address the issue of whether Curran served process on the defendants in the

manner required by the Rules.  *Id.*  She did, however, grant Curran leave to file an

amended complaint within twenty days to cure the jurisdictional defect.  *Id.*

On April 20, 2012, Curran submitted three separate documents, titled

"Amended Complaints," to the Court.[1]  In the document pertaining to this case,

Curran named the following defendants: (1) Carbon Spyder; (2) John L. Mitchell

("Mitchell"); and (3) Ronald Welsh ("Welsh").  *Doc. 47*.   Magistrate Judge

Smyser concluded that Curran had established original jurisdiction over the claims

against Carbon Spyder and Mitchell, but not over the claims against Welsh.  *Doc.*

*48*.  As such, Magistrate Judge Smyser recommended dismissing the claims against

---

[1] Only one of those documents had the docket number of this case in its caption.
The Clerk of Court was directed to docket that document as the amended
complaint in this case.  The Clerk was also directed to docket the other two
documents as complaints in two new and separate cases, *Curran v. M&T Bank
Corp.*, 1:12-CV-00749 (M.D. Pa.), and *Curran v. Mark Zinnamosca & Assoc.*,
1:12-CV-00750 (M.D. Pa.).  Both of those cases have since been closed.

Welsh. *Id.* Judge Kane adopted that recommendation and terminated Welsh from the action. *See doc. 52.*[2]    After being referred the case, we ordered Curran, on June 21, 2013, to serve the amended complaint on Mitchell and Carbon Spyder (collectively "Defendants") (*see doc. 66*), and on July 8, 2013, Curran filed a proof of service (*doc. 70*) on the Docket.

On September 5, 2013, Mitchell filed a motion (*doc. 71*) to dismiss for lack of subject matter jurisdiction, which we, on July 28, 2014, recommended denying. *Doc. 77*. We attempted to mail our Report and Recommendation to Curran on two separate occasions at the address that was listed on the Docket at that time, but it was returned on both occasions as undeliverable. We also attempted to contact Curran through the phone number listed on the Docket, but we were unsuccessful. Although Curran failed to update us with his address, we discovered in a different matter, in which Curran was the plaintiff, that he requested his mail to be forwarded to his family's address at 2707 Valiant Knights Drive, Finksburg, MD, 21148 (the "Finksburg address"). Thus, we directed the Clerk to update the Docket, replacing Curran's current address with the Finksburg address. *Doc. 80*. On September 2, 2014, Curran filed a letter (*doc. 81*) on the docket, confirming his address as the Finksburg address.

---

[2] Upon the retirement of Magistrate Judge Smyser, this matter was initially referred to Magistrate Judge Carlson on September 4, 2012, but subsequently referred to us on December 3, 2012.

On October 6, 2014, we issued an order (*doc. 84*) requiring Carbon Spyder to secure the appearance of counsel on or before November 3, 2014.  A day past the deadline, counsel filed a praecipe to enter appearance (*doc. 85*) for Carbon Spyder and Mitchell, as well as a motion (*doc. 86*) for leave to file an entry of appearance *nunc pro tunc*, which this Court granted.  *See Doc. 88*.  On November 14, 2014, the Defendants filed an answer (*doc. 92*) to the amended complaint. Shortly thereafter, the Defendants also filed a motion (*doc. 93*) to substitute a party defendant, explaining that Carbon Spyder was not a legal entity, and they sought to correct the record by substituting Carbon Spyder, LLC, a California limited liability company for which Mitchell is the sole member, for Carbon Spyder.  *Id.* We granted that motion on November 28, 2014.  *Doc. 94*.

On January 2, 2015, the Defendants filed a motion (*doc. 95*) to depose Curran, which this Court granted on January 7, 2015.  *See doc. 96*.  Thereafter, on January 30, 2015, the Defendants filed a motion (*doc. 97*) to compel discovery, requiring Curran to appear for a deposition.  We granted that motion on February 3, 2015 (*doc. 98*) and on February 4, 2015, the Defendants filed another motion (*doc. 100*) to compel discovery.  Following a telephone conference with the parties, we granted that motion as well.  *Doc. 108*.

On June 3, 2015, Curran filed a request for entry of default, a motion for default judgment, and a brief in support of that motion.  The Defendants, on June

15, 2015, filed a brief in opposition to Curran's motion for default judgment, as well as a motion to strike Curran's motion for default judgment pursuant to Rule 12(f)(2). For the reasons discussed below, we recommend that Curran's motion (*doc. 115*) for default judgment be denied. We also recommend that the Defendants' motion (*doc. 118*) to strike be denied.

## II. Discussion.

### A. Curran's Motion for Default Judgment.

Curran moves under Rule 55(b)(2) for entry of default judgment against the Defendants. After a default is entered against a party, the court may, pursuant to Rule 55(b)(2), enter a default judgment against a party who has failed to plead or otherwise defend. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.). Three factors must be considered in deciding whether default judgment should be entered: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In this case, entry of default judgment is not appropriate.  A review of the docket confirms that no default was ever entered by the Clerk against the Defendants prior to Curran filing his motion for default judgment.[3]  Moreover, an entry of default by the Clerk is a "general prerequisite" before a default judgment may be entered by the Court.  *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008); *see Limehouse v. Delaware*, 144 Fed. Appx. 921, 923 (3d Cir. 2005) (concluding that the district court properly denied a motion for default judgment because the plaintiff failed to request an entry of default prior to moving for default judgment).  Thus, we recommend that Curran's motion for default judgment be denied.

Even assuming, *arguendo*, that the Clerk had entered a default against the Defendants, we would still find an entry of default judgment inappropriate.  As for the first factor outlined by the United States Court of Appeals for the Third Circuit

---

[3] On June 3, 2015, the docket reflects that the Clerk of Court docketed Curran's request for entry of default (*doc. 114*), motion for default judgment (*doc. 115*), and a brief in support of that motion (*doc. 116*).  The docket also reflects, however, that the Clerk did not enter a default when she docketed these items.  Indeed, entry of default is not an automatic function, but is contingent upon the fulfillment of several requirements, one of which, per Rule 55(a), is that a request for entry of default must be accompanied by an affidavit by the plaintiff requesting entry of default.  That affidavit should, as the rule provides, attest to the failure of the defendant to "plead or otherwise defend."  Curran failed to file such affidavit.  *See Milburn v. City of York*, No. 1:12-CV-0121, 2012 WL 3614008, at *6-7 (M.D. Pa. July 24, 2012) (concluding that default had not yet been entered against the defendants and explaining that plaintiff failed to file the affidavit with his request for entry of default as required by Rule 55(a)).

(*see Chamberlain*, 210 F.3d at 164), there will be no prejudice to Curran if his motion is denied. Not only has Plaintiff failed to allege there would be any prejudice, but the docket confirms there will be minimal, if any, prejudice to him. Importantly, Curran did not file his request for entry of default, motion for default judgment, and brief in support of his motion for default judgment until nearly seven months after the Defendants filed their untimely answer on the Docket. Moreover, at the time Curran requested entry of default and default judgment, the parties had been engaging in discovery and would have been approaching a dispositive motions deadline in this case.

As to the second factor outlined by the Third Circuit (*see Chamberlain*, 210 F.3d at 164), the record reveals that there is evidence of a litigable defense in this case. Although untimely, the Defendants have filed an answer, which contains seven affirmative defenses, some of which, if they are established, would defeat Curran's claims—namely, lack of subject-matter jurisdiction, lack of personal jurisdiction over the Defendants, and improper venue. While we make no finding as to whether the Defendants have established these defenses with regard to the specific facts of this case, we do find that the Defendants have asserted litigable defenses.

Finally, as to the third factor outlined by the Third Circuit (*see Chamberlain*, 210 F.3d at 164), there is simply no basis to conclude that the Defendants' delay in

responding to the amended complaint was due to culpable conduct on their part.

*See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983)

(citation omitted) (explaining that culpable conduct means "actions taken willfully

or in bad faith").   Once we ordered Carbon Spyder, LLC to obtain counsel, an

appearance was entered by counsel, and within ten days of his appearance, counsel

filed an answer on the docket.   While we are cognizant of the untimeliness of that

answer, we find no basis to believe the Defendants' delay precipitated from

culpable conduct, including actions taken willfully or in bad faith.   *See id.*

Thus, pursuant to our discretion, and in accordance with the precedent of the

Third Circuit, we recommend denying Curran's motion for default judgment.   *See*

*United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 194–95 (3d

Cir. 1984) (internal citations omitted) (explaining that requests relating to default

judgments are "left primarily to the discretion of the district court" and that

doubtful cases are "to be resolved in favor of the party moving to [deny or] set

aside the default judgment 'so that cases may be decided on their merits.'").[4]

---

[4] In Curran's most recent brief (*doc. 124*), he raises a new argument regarding service of pleadings. *Doc. 124* at 3.  Specifically, he argues that the Defendants failed to properly serve the answer because they effectuated service under Rule 5(b), and they should have effectuated service under Rule 4. *Doc. 124* at 203. Curran, however, has confused the requirements of these Rules. "Service of every pleading subsequent to the original complaint is governed by [Rule] 5." *U.S. v. Mensik*, 57 F.R.D. 125, 126-27 (M.D. Pa. 1972).  Among other methods of service, Rule 5(b) provides that service is effective by mailing a copy of the pleadings to the party at his last known address, in which event, service is complete upon

**B. The Defendants' Motion to Strike.**

The Defendants move under Rule 12(f) to strike Curran's request for entry

of default and motion for default judgment.  Rule 12(f) permits a party to have

stricken from the pleadings "any redundant, immaterial, impertinent or scandalous

matter." Fed. R. Civ. P. 12(f).  Courts possess considerable discretion under Rule

12(f) to dispose of motions to strike.  *Kim v. Baik*, 2007 WL 674715, *5 (D. N.J.

Feb. 27, 2007) (citation omitted).  Motions to strike, however, "generally are

viewed with disfavor and rarely are granted." *Am. Standard Life and Accident Ins.

Co. v. U.R. L., Inc.*, 701 F.Supp. 527, 531 (M.D. Pa. 1988) (citation omitted).  In

fact, they "will usually be denied unless the allegations have no possible relation to

the controversy and may cause prejudice to one of the parties, or if the allegations

confuse the issues in the case." *River Rd. Dev. Corp. v. Carlson Corp.- Ne.*, No.

89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990) (citation omitted).  Thus,

mailing.  In this case, the Defendants served their answer by mailing a copy to
Curran at his last known address. Thus, the Defendants properly served the answer
in accordance with Rule 5(b).  In addition, and relatedly, Curran also raises the
new argument that he never received the Defendants' answer.  A review of the
record undermines his statement.  The Defendants served Curran with the answer
at two locations: (1) the address on file with the Court, the Finksburg address; and
(2) the address listed on a return envelope in a document (*doc. 90*) that Curran filed
with this Court one day before the Defendants filed their Answer on the Docket.
Moreover, since filing their answer, the Defendants have continued using the
Finksburg address, and the Docket reveals that Curran has been responding to
these filings. Thus, there is no basis to conclude that Curran never received the
Defendants' answer.

striking matters from the record "is a drastic remedy to be resorted to only when required for the purposes of justice." *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991).

In this case, we find the Defendants' motion to strike improper. The plain language of the rule denotes that it applies only to "pleadings." Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Rule 7(a) enumerates the acceptable types of pleadings, which include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. *See* Fed. R. Civ. P. 7(a). Neither Curran's request for entry of default, nor his motion for default judgment qualify as a "pleading." *See id.* Moreover, Rule 12(f) is not an instrument to attack "motions, briefs or memoranda, objections, or affidavits[.]" *Walthour v. Tennis*, No. 3:CV-06-0086, 2008 WL 318386, at *8 (M.D. Pa. Feb. 4, 2008) (internal citations omitted). Finally, because we have recommended denying Curran's motion for default judgment, Defendants' motion to strike is rendered moot.

## III. Recommendations.

Based on the foregoing, **IT IS RECOMMENDED** that Curran's motion

(*doc. 115*) for default judgment be **DENIED**.  **IT IS ALSO RECOMMENDED**

that the Defendants' motion (*doc. 118*) to strike be **DENIED** as moot.


The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of November, 2015.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
